# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| FIRESTONE FINANCIAL, LLC<br>100 Westminster Street, 1st Floor<br>Providence, RI  02903<br><br>  Plaintiff,<br><br>  v.<br><br>GLOBE TRANSPORT INC.<br>1026 Allston Road<br>Cleveland Heights, 44121<br><br>AND<br><br>UMAR BIDZHIEV<br>1026 Allston Road<br>Cleveland, OH  44121<br><br>  Defendants. | Case No.<br><br>Claim amount: $153,315.58, plus prejudgment interest at a rate of twelve percent (12%) per annum and attorneys' fees and costs |

## COMPLAINT

NOW COMES Firestone Financial, LLC ("Firestone"), by and through its counsel, and for its Verified Complaint against Globe Transport Inc. ("Globe") and Umar Bidzhiev ("Bidzhiev") (collectively, the "Defendants"), states as follows:

## PARTIES

1. Firestone is a limited liability company registered under the laws of the Commonwealth of Massachusetts, with its principal place of business located in Providence, Rhode Island. Firestone's sole member is Berkshire Bank, a bank chartered under the laws of the Commonwealth of Massachusetts.  Berkshire Bank's principal place of business is located in Pittsfield, Massachusetts.

2. Globe is an Ohio corporation with its principal place of business located at 1026

1

Allston Rd, Cleveland Hts, Ohio 44121.

3. Bidzhiev is a citizen of the State of Ohio. Upon information and belief, Bidzhiev resides at 1026 Allston Rd, Cleveland Hts, Ohio 44121.

## JURISDICTION AND VENUE

4. Jurisdiction is appropriate in this Court, pursuant to 28 U.S.C. § 1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), because Globe's principal place of business is located in this judicial district, and Bidzhiev reside in this judicial district.

## BACKGROUND

6. On or about August 3, 2022, Firestone, as secured party, and Globe, as customer, entered into Equipment Finance Agreement No. xxx0956 (the "Agreement") for the financing of one (1) 2020 Freightliner Cascadia and one (1) 2019 Freightliner Cascadia (collectively, the "Equipment"). A true and correct copy of the Agreement is attached hereto as Exhibit 1.

7. To induce Firestone to enter into the Agreement, Bidzhiev executed a Master Unlimited Guaranty (the "Guaranty") guaranteeing Globe's obligations to Firestone under the Agreement. A true and correct copy of the Guaranty is attached hereto as Exhibit 2. *See* Exhibit 2 hereto.

8. Pursuant to the Agreement, Globe agreed to make sixty (60) consecutive monthly payments of $4,488.71. *See* Exhibit 1.

9. Firestone perfected its security interest in the Equipment by recording its lien on the title to the Equipment. A true and correct copy of the Certificates of Title reflecting Firestone's lien on the Equipment can be found within Exhibit 1. *See* Exhibit 1 hereto.

10. Globe failed to make payments under the Agreement when due.

11. Bidzhiev failed to make payments under the Guaranty.

12. The failure to make payment constitutes a default pursuant to the Agreement. *See* Exhibit 1, ¶ 8.

13. As a result of Globe's default under the Agreement, the balance due to Firestone from Globe is $153,315.58.

14. As a result of Globe's default under the Agreement, Firestone is entitled to prejudgment interest on any unpaid amount due under the Agreement at a contractual rate of twelve percent (12%) per annum continuing to accrue until judgment, as well as attorneys' fees and costs. *See* Exhibit 1, ¶ 8.

15. Firestone demanded payment from Globe and Bidzhiev pursuant to the Agreement and Guaranty, but Globe and Bidzhiev have failed or refused to make payment.

16. Firestone fully performed its obligations under the Agreement.

## COUNT I – BREACH OF CONTRACT
## AGAINST GLOBE TRANSPORT INC.

17. Firestone re-alleges and reasserts Paragraphs 1 through 16 of its Verified Complaint as though fully set forth herein.

18. Global defaulted under the Agreement by failing or refusing to make payments when due.

3

19. Due to Global's default under the Agreement, Global is indebted to Firestone in the amount of $153,315.58, plus prejudgment interest at a rate of twelve percent (12%) per annum and attorney's fees and costs.

WHEREFORE, Plaintiff FIRESTONE FINANCIAL, LLC, respectfully requests that the Court enter judgment in its favor and against GLOBAL TRANSPORT INC., in the amount of $153,315.58 plus prejudgment, late charges, term fees and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

### COUNT II – BREACH OF GUARANTY
### AGAINST DEFENDANT UMAR BIDZHIEV

20. Firestone re-alleges and reasserts Paragraphs 1 through 19 of its Verified Complaint as though fully set forth herein.

21. Due to Bidzhiev's default under the Master Guaranty, Firestone has suffered actual damages and is entitled to payment of $153,315.58, plus prejudgment interest at the rate of twelve percent (12%) per annum continuing to accrue until judgment, late fees, term fees and attorneys' fees and costs.

WHEREFORE, Plaintiff FIRESTONE FINANCIAL, LLC respectfully requests that the Court enter judgment in its favor and against UMAR BIDZHIEV, in the amount of $153,315.58, plus prejudgment interest at the rate of twelve percent (12%) per annum continuing to accrue until judgment, late fees, term fees, and attorneys' fees and costs, as well as all other and further relief which this Court deems just.

### COUNT III – REPLEVIN AGAINST
### DEFENDANT GLOBE TRANSPORT INC.

22. Firestone re-alleges and reasserts Paragraphs 1 through 21 of its Verified Complaint as though fully set forth herein.

4930-8991-9753.v1-12/23/24

23.     Pursuant to the Agreement, Firestone is entitled to the possession of one (1) 2020 Freightliner Cascadia VIN#3AKJHHFG4LSLN7861, and one (1) 2019 Freightliner Cascadia VIN#1FUJHHDR2KLKJ3935.

24.     Due to Globe's default under the Agreement, Firestone is entitled to the return of the Equipment. See <u>Exhibit 1</u>.

25.     Firestone has been unable to secure the Equipment by peaceful means.

26.     Globe is wrongfully and unlawfully detaining the Equipment, because the Equipment serve as Firestone's collateral for Globe's obligation such that Firestone is unable to mitigate its loss unless the Equipment is surrendered to Firestone.

27.     Firestone has made demand upon Globe for the return of the Equipment, but Globe has failed and refused to return the same.

28.     The Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of the State of Ohio, against the property of Firestone, nor seized under any lawful process against the goods and chattels of Firestone subject to such lawful process, nor held by virtue of any order for replevin, execution, or attachment against Firestone.

29.     Upon information and belief, based on the contract documents, the Equipment is located at 1026 Allston Rd, Cleveland Hts, Ohio 44121, or such other place as they may be found.

30.     The fair market value of the Equipment is estimated at $330,000.00 - $350,000.00, depending on the condition.

31.     Firestone is entitled to a writ or order of replevin directing the Marshal or other authorized law enforcement officer to use all necessary forces to repossess the Equipment.

WHEREFORE, Plaintiff Firestone Financial, LLC respectfully requests that this Court enter writ of replevin in favor of Firestone Financial, LLC and against Globe Transport Inc., directing

the U.S. Marshal or duly authorized authority to use all necessary force, including such force necessary to break locks, to repossess: one (1) 2020 Freightliner Cascadia VIN#3AKJHHFG4LSLN7861, and one (1) 2019 Freightliner Cascadia VIN#1FUJHHDR2KLKJ3935, and/or any portion thereof, from 1026 Allston Rd, Cleveland Hts, Ohio 44121, or wherever it may be found, and enter a judgment against Globe Transport Inc. for the value of any of the Equipment not so returned, plus attorneys' fees and costs, and such other and further relief as this Court deems just.

## COUNT IV- DETINUE
## AGAINST DEFENDANT GLOBE TRANSPORT INC. AND UMAR BIDZHIEV

32. Firestone re-alleges and reasserts Paragraphs 1 through 31 of its Verified Complaint as though fully set forth herein.

33. Upon information and belief, based on the records of the Ohio Secretary of State and Illinois Secretary of State, Bidzhiev is the president and sole officer of Globe and controls the day-today operations of Globe. Upon information and belief, Bidzhiev is the corporate officer who decides whether Globe will surrender the Equipment to Firestone. Pursuant to the Agreement, upon default, Firestone is entitled to the return of and the exclusive possession of the Equipment.

34. Firestone is entitled to possession of the Equipment due to the payment defaults under the Agreement. *See* Exhibit 1.

35. Globe is wrongfully detaining the possession of the Equipment, because Globe has defaulted under the terms of the Agreement by failing to make timely payments when due, and Globe has failed to surrender the Equipment despite the demand.

36. The Equipment is in Globe's possession and Bidzhiev's control.

37. Because of Globe's default under the Agreements, Firestone's right to possession of the Equipment is superior to the rights of Globe and/or Bidzhiev.

6

38.     Firestone is entitled to an order directing Globe and Bidzhiev to turn over the Equipment within ten (10) calendar days, or such other reasonable time period as the Court may determine.

WHEREFORE, Plaintiff Firestone Financial, LLC respectfully requests that this Court enter an Order compelling Globe Transport Inc. and Umar Bidzhiev, jointly and severally, to surrender: one (1) 2020 Freightliner Cascadia VIN#3AKJHHFG4LSLN7861, and one (1) 2019 Freightliner Cascadia VIN#1FUJHHDR2KLKJ3935, to Firestone Financial, LLC at a place and time directed by Firestone within ten (10) days of this Court's entry of judgment.

By:     */s/ Clay K. Keller*
Clay K. Keller (#00729271)
Mark W. Bernlohr (#0038640)
Jackson Kelly PLLC
50 South Main Street, Suite 201
Akron, OH  44308
(330) 252-9060 (t)
(330) 252-9078 (f)
ckkeller@jacksonkelly.com
mwbernlohr@jacksonkelly.com

*Counsel for Plaintiff, Firestone Financial, LLC*